Jones, Oliver B., J.
This is an action to contest the validity of an assessment for the improvement of Livingston street, by paving with granite, heard on appeal from the court of insolvency.
While the petition contains allegations of irregularity in the proceedings of council, no attempt was made to support them by any evidence. The only evidence offered by plaintiffs was for the .purpose of showing that the assessment was in excess of the benefits. Testimony was submitted by plaintiffs to show that the market value after the completion of the improvement was no greater than it had been before. Defendants, however, produced testimony showing that the market value of plaintiffs’ respective lots directly after the improvement exceeded their value immediately before the improvement by a sum largely in excess of the amount of the assessment.
The street had been improved by bowldering in 1867 and 1872. There had been no subsequent improvement until the one in question, and the pavement and curbs were out of repair and in bad condition. .The evidence showed that the real estate in that locality had suffered a general deterioration in value. So, even if the evidence of plaintiffs were taken to the exclusion of that of defendants, it might still be possible that a considerable benefit had been conferred upon the abutting lots by this improvement, even though the market value had remained the same.
It is true that the foundation for the support of a special assessment is the special benefit conferred by the improvement, and that such assessment can in no case exceed such benefit, Cham *111 berlain v. City of Cleveland, 34 Ohio St., 551; Walsh v. Barron, Treas., 61 Ohio St., 15, and Walsh v. Sims, Treas., 65 Ohio St., 211.
But an assessment will not be enjoined on the ground that the benefits are not equal to the assessment, unless it is clearly and convincingly shown. Nor will the question of market value before and after the improvement alone be considered. McMaken v. Hayes et al., 10 C. C., N. S., 38, and Prentice v. City of Toledo, 11 C. C., N. S., 299.
In this case the evidence fails to convince the court that the assessments are in any instance in excess of the benefits conferred by the improvement, and the petition will therefore be dismissed at plaintiffs’ costs.

Petition dismissed.

Jones, E. H., P. J., and Gorman, J., concur.